# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## DIVISION IN HARTFORD

JOHN MATAVA, Et Al

MAR 24 2022 AM 9:19
FILED-USDC-CT-HARTFORD

435 MPS

Vs.

CASE# 3:22 CV ~~000242 CSH~~

CTPPS, LLC.

MARCH 23, 2022

## C O M P L A I N T

1. This Court has subject matter jurisdiction in this matter, and to the parties.

2. The Plaintiffs has exhausted all attempts sought through state Courts.

3. The Plaintiffs has been denied their Constitutional Equal Protection Rights.

4. The Plaintiffs has been denied their Constitutional Due Process Rights.

5. The Plaintiff, John Matava, and his wife Jennifer is the resident of 421 Riley

1.

Mountain Road, Coventry, Connecticut 06238, (subject premises)

6. On September 15, 2020, the Plaintiff was served with a summary process

eviction action for non payment, Superior Court in Vernon, Connecticut at

Rockville, TTD-CV20-6021192-S.

7. The Plaintiff, presented several Affirmative Defenses, which included

violation of Connecticut General Statue, Section/s 47a-20, 47a-33, 47a-4a

and 47a-7, State of Connecticut, Governor Ned Lamonts Executive Orders

(presently 13A, 14) and United States of America, Department of Centers

for Disease Control, Section 361 of the Public Health Services Act (42 U.S.C.

264) and 42 CFR 70.2.

8. On February 26, 2021, a hearing was held for summary process eviction and

execution for possession was granted, without subject matter jurisdiction.

(Federal Question of Law)

9. On February 26, 2021, the Superior Court of Vernon, at Rockville,

Connecticut, found judgement against this Plaintiff, John Matava, and

2.

Ordered Execution on March 1, 2021, (three (3) days after judgement was ordered, which included a Saturday and Sunday and the day of judgement) in violation of the State of Connecticut, Appellate Court, rules of civil procedure, which gives five (5) days to file an Appeal, (violation of Procedural Right to Due Process).

10. On February 26, 2021, this Plaintiff, John Matava, filed an appeal in the State of Connecticut, Appellate Court, for subject matter jurisdiction.

11. On March 10, 2021 the Defendant, CTPPS, LLC. (Connecticut Pre-Property Solutions, Limited Liability Corporation, of Newport Rhode Island), filed a motion to dismiss the Plaintiffs appeal.

12. On April 14, 2021, the State of Connecticut, Appellate Court, denied the Defendant, CTPPS, LLC. motion to dismiss Plaintiffs Appeal.

13. On May 3, 2021, the Defendant, CTPPS, LLC., filed a second Summary Process Execution, and a hearing was scheduled for May 14, 2021, in violation of State of Connecticut Appellate Court, Connecticut Practice

3.

Book, Section 66-6 automatic stay, in violation of Plaintiffs Procedural Due Process Right.

14. On May 5, 2021, the Plaintiff, John Matava, filed a motion to stay the Superior Court proceedings.

15. On May 11, 2021, after not hearing a ruling on the Plaintiffs, John Matava, motion to stay, the Superior Court Hearing scheduled for May 14, 2021. The Plaintiff, John Matava filed a Motion to Stay in the State of Connecticut Appellate Court.

16. On May 12, 2021, the State of Connecticut, Appellate Court ruled that the automatic stay is in effect, but the Defendant, CTPPS, LLC. continued to file pleadings and get hearings in State of Connecticut, Superior Court.

17. On May 13, 2021, after the State of Connecticut Appellate Court, ruled automatic Stay was in effect, the Superior Court, Hon. Administrative Judge Dawne Westbrook, ordered the scheduled hearing marked off and the Superior Court case stayed in this matter. (Exhibit 'A")

4.

18. On September 8, 2021, the Defendant, CTPPS, LLC. filed in the Superior Court case, a motion to termination of Stay of Execution in violation of Connecticut Practice Book, Section 66-6 and 61-11a and Plaintiffs Due Process Right.

19. On September 29, 2021, the Plaintiff John Matava, filed in the Superior Court for a second time, a motion to stay (No.# 150.00) the present case under appeal.

20. On September 30, 2021, Hon. Judge Carletha Parkinson granted motion to Stay, and Ordered "This matter is stayed pending the resolution of the Appellate Court matter (Appellate Court docket number AC-44556, pursuant to Practice Book, 71-6". (Exhibit "B")

21. On September 30, 2021, the Defendant, CTPPS, LLC. filed in the Superior Court, a Motion for Bond, in violation of two Superior Court Stays and the automatic Appellate Court stay and Connecticut General Statue, Section, 47a-4a and 47a-7, in violation of Plaintiffs Due Process Right.

6.

22. On November 18, 2021, the Superior Court, Hon. Judge Carletha Parkinson, Ordered (No.#158.00) the Plaintiff-John Matava, pay Bond, in the form or Use and Occupancy Payments, paid monthly, in violation of Connecticut General Statue, Section, 47a-4a and 47a-7, in violation Due Process Right.

23. On January 4, 2022, the Defendant-CTPPS, LLC. filed a third summary process execution and a second motion to terminate "all" stays. In violation Appellate Stay (66-6) and Plaintiffs Due Process Right.

24. On February 18, 2022, the Superior Court Granted the Defendants Motion to terminate the Superior Court Stay.

25. On February 25, 2022, the Plaintiff filed a State of Connecticut, Appellate Review of the February 18, 2022 Superior Court ruling (No.166.10)

26. On March 10, 2022, the State of Connecticut, Appellate Court, Granted the Plaintiffs Motion for Review, but denied any sanctions.

27. On March 10, 2022, the State of Connecticut, Appellate Court, held a hearing on the Plaintiffs Appeal..

7.

28. On March 10, 2022, the Appellate Court Judge, William Bright, failed to recuse himself, due to being the Administrative Judge at the Rockville Superior Court where the subject matter case originated.

29. On March 10, 2022, during the State of Connecticut, Appellate Court hearing, Judge William Bright, stated to the opposing counsel, attorney Jason Burdick, "why don't you just file a motion to dismiss" to get rid of this case, in violation of Equal Protection Clause, and Biased.

30. On March 10, 2022, approximately (3) three hours after the State of Connecticut, Appellate Court hearing, attorney Jason Burdick, filed a Motion to Dismiss in the Appellate Court.

31. On March 14, 2022, Plaintiff filed an Objection to the Defendants-CTPPS, LLC Motion To Dismiss.

32. On March 18, 2022, Plaintiff, John Matava, filed a Motion to Transfer to the State of Connecticut, Supreme Court, which was promptly denied.

33. On March 22, 2022, the State of Connecticut, Appellate Court, Affirmed

the State of Connecticut, Superior Court, judgement to evict.

34. On March 22, 2022, the Defendant, CTPPS, LLC. gave State of Connecticut, State Marshal, Gregory Woodruff, a notice of eviction, for the Plaintiff, John Matava.

35. On March 22, 2022, State of Connecticut, State Marshal, Gregory Woodruff notified the counsel for the Defendant-attorney Jason Burdick, through the Connecticut State Marshals Organizations attorney-Japha, that State Marshal Woodruff refused to serve the Summary process Execution, due to the unethical actions of the Defendants counsel-attorney Jason Burdick. (Copy attached hereto Exhibit C)

36. On March 22, 2022, the Defendant, CTPPS, LLC. served a notice of eviction to the Plaintiff, John Matava, for execution on March 25, 2022.

9.

**THEREFORE:**

The Plaintiff, John Matava, has asserted through-out the State of

Connecticut, Superior Court and Appellate Court cases, that he was denied

his Constitutional substantive and procedural due process rights, and his

equal protection rights. The State of Connecticut, Superior Court and

Appellate Court, began by allowing the filing of the summary process

complaint, which was in violation of Connecticut General Statue, Sections,

47a-4a and 47a-7, due to outstanding housing code violations, That stated

no payments are due (at anytime while housing code violations exist) and

prevents retaliation for complaints to housing code inspector. Also 47a-20

and 47a-33. Then the Plaintiff, John Matava, was denied his procedural due

process right when an eviction execution was ordered three (3) days after

the Superior Court hearing, Friday February 26, 2021 was the hearing and

the execution was to be carried out Monday March 1, 2021, which is three

10.

days which included the hearing date and a Saturday and Sunday, in violation of the statutory five (5) days to appeal.  Also at the time of the filing there was a Federal ban on evictions, (subject matter jurisdiction, and question of law) and several State of Connecticut, Governor Ned Lamont, executive orders presently 13A and14.

Then the Plaintiff, John Matava, was denied his procedural and substantive due process right when the Superior Court continues to schedule hearings and make orders, while the subject case is pending in the Appellate Court, which an automatic stay, Connecticut Practice Book, section 66-6 was in effect.

Substantive Due Process is violated and complete when it occurs, hence, the availability vel non of an adequate post-deprivation state remedy is irrelevant, because the right is "fundamental", and no amount of process can justify its infringement. Procedural Due Process is violated only unless and until the State fails to provide due process. The Plaintiffs are both

11.

disabled and if the federal Constitutional due process and equal protection clause continue to be allowed to be violated, the Plaintiff/s John Matava, will suffer irreparable harm. The State of Connecticut, both the Superior Court and the Appellate Court has failed to correct the injustices that have occurred through-out the subject case. Even the State Marshal Gregory Woodruff and the counsel for the State of Connecticut, Organization of Marshals has expressed their concerns, to attorney Jason Burdick, about the ethics and violations of law that (Gregory Woodruff) was being asked to do, and ultimately refused to make the serve. That alone should give this Court concern, and the doctrine of Rooker-Feldman, U.S. Supreme Court, Exxon V. Saudi Basic Industries Corp., 554 U.S. 280 (2005) is applicable in this instance. The Plaintiff, John Matava pursuant to the above stated actions in this case moves for an Order that the Superior Court vacate the orders in the subject case (TTD-CV20-6021192-S) or in the alternative order a new trial.

12.

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above entitled action, that he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. section 1746, 18 U.S.C. section 1621

Executed at _Hartford, CT._ on _March 24, 2022_

The Plaintiff, John Matava

By:_____

John Matava-Pro-Se
250 Colebrook Road-mailing only
Winsted, Connecticut
860-209-3320          06098

13.

Exhibit "C"

Attorney Jason Burdick:

While Attorney Japha is counsel to the Connecticut State Marshals Organization, of which I am a member, and he called you at my request, I will not have him contact you further even as a courtesy. As you have requested, I am returning the prior execution to you so that you can obtain a new one and secure another marshal to carry it out. While the statute to which you have made reference, Sec 6-38a, allows me to serve process, this is obviously subject to limitations as exist with a given case such as with this file.

Also there will be no charge to you firm for the two evictions that were served by me and then canceled.

Respectfully Submitted
Gregory L Woodruff
State Marshal

| SUMMARY PROCESS EXECUTION FOR POSSESSION (EVICTION) JD-HM-2  Rev. 4-19 C.G.S. §§ 47a-26h, 47a-42 | STATE OF CONNECTICUT SUPERIOR COURT www.jud.ct.gov | The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accom-modation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA. |

| Court | Docket number | Date of judgment |
|---|---|---|
| ☒ Judicial District    ☐ Housing Session | TTD-CV20-6021192-S | 11/25/2020 |

Address of court location (Number, street, town and zip code)
**69 Brooklyn Street, Rockville, CT 06066**

| Name and mailing address of plaintiff/landlord or attorney | Instructions to plaintiff/landlord or attorney: |
|---|---|
| Jason B. Burdick Messier, Massad, Burdick & Flynn, LLC 107 State Street New London, CT 06320 | 1. Complete this form. 2. File this form with the clerk for the clerk to sign. 3. After this execution is signed by the clerk, the clerk will upload it to the case's electronic file. 4. Plaintiff/landlord or attorney may then print and deliver the signed execution to a State Marshal. |

| Name(s) of plaintiff(s)/landlord(s) | Name(s) of defendant(s)/tenant(s) and/or occupant(s)) |
|---|---|
| CTPPS, LLC | John Matava a/k/a John Mataza Jennifer Matava a/k/a Jennifer Mataza |

Address of premises (Number, street, town and apartment number)
**421 Riley Mountain Road, Coventry, CT 06238**

**TO: Any proper State Marshal**

By the authority of the State of Connecticut, you are commanded to give the plaintiff(s)/landlord(s) possession of the premises above by putting the defendant(s)/tenant(s) and any other occupant(s) bound by the judgment out of possession. If the defendant(s)/tenant(s) and such other occupant(s) have not removed all their possessions and personal effects, then you may remove them and deliver them to the place of storage designated by the chief executive officer of the town; before removal you must give the chief executive officer of the town 24 hours' notice of the eviction, stating the date, time, and address of the eviction, as well as, a general description, if known, of the types and amount of property to be removed from the premises and delivered to the designated place of storage. Before giving notice to the chief executive officer you must use reasonable efforts to locate and notify the defendant(s)/tenant(s) and any other occupant(s) bound by the judgment of the date and time the eviction will take place and the possibility of a sale of their possessions pursuant to Section 47a-42 of the Connecticut General Statutes.

| Serve a true copy upon each defendant/tenant and/or occupant bound by the judgment and return within 60 days. | Signed (Clerk)  FBTP  Kwobena A. | Date signed 2/26/2021 |
|---|---|---|

## Notice to defendant(s)/tenant(s) and/or occupant(s)  *(To be completed by State Marshal)*

Your landlord (the plaintiff) won a judgment against you in this eviction case.
This means that you must move out of the premises at the address above by this date:

| Date | At (Time) | |
|---|---|---|
| | ___.M. | If you do not remove your possessions and personal effects on or before that date, your |

possessions and personal effects will be removed by the State Marshal and stored at:

_____  You may call: _____

to reclaim those possessions and personal effects and to arrange to have them given back to you. *(If your possessions and personal effects are removed and stored and you do not reclaim them and pay the expense of storage within 15 days, then they may be sold by the town under Section 47a-42 of the Connecticut General Statutes.)*

If you think you have a right to stay in the premises, you should contact an attorney immediately.

This paper does not have to be handed to you personally. The place of storage was designated by the chief executive officer of the town.

## Return of Service

By virtue of this execution,

| On | At (Time) |
|---|---|
| | ___.M. |

☐ I notified the defendant(s)/tenant(s) and/or occupant(s).

☐ I used reasonable efforts to locate the defendant(s)/tenant(s) and/or occupant(s) but was unable to notify the following:

_____

Thereafter I notified the chief executive officer of the town where the premises are situated,

| On | At (Time) |
|---|---|
| | ___.M. |

that the eviction of the defendant's(s')/tenant's(s') and/or occupant's(s') possessions and personal effects would take place,

| On | At (Time) |
|---|---|
| | ___.M. |

and I further advised said chief executive officer, so far as known, of the general description, types, and amount of the property to be removed from said premises,

| On | At (Time) |
|---|---|
| | ___.M. |

and afterwards, the defendant's(s')/tenant's(s') and/or occupant's(s') possessions,

☐ had been removed.

☐ were removed by me and stored. The plaintiff(s)/landlord(s) were then put in possession of said premises.

| Signed (State Marshal) | Date signed |
|---|---|
| | |

| Fees |
|---|
| |